UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEANGELO GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-00243-JMS-MJD |
| ) | |
| CORIZON HEALTH, *et al.* ) | |
| ) | |
| State Defendants. ) | |

**Entry Discussing State Defendants' Motion for Summary Judgment**

Plaintiff Deangelo Gaines, who at all relevant times was incarcerated at Putnamville Correctional Facility ("Putnamville"), brought this civil rights action pro se pursuant to 42 U.S.C. § 1983 against Corizon, Inc., individual medical providers at Putnamville, and three other employees at Putnamville. As to the latter three employees, Michael Raines, S. Hughes, and B. Oliver (the "State Defendants"), Mr. Gaines alleges that they impeded his ability to obtain pain medication from the commissary in violation of the Eighth Amendment. The State Defendants contend that Mr. Gaines failed to exhaust his administrative remedies regarding this claim before bringing this action as required by the Prison Litigation Reform Act ("PLRA").[1] Mr. Gaines has responded, and the State Defendants have replied. For the reasons explained in this Entry, the State Defendants' motion for summary judgment, dkt. [56], is **denied**, the exhaustion defense **rejected**, and Mr. Gaines's claims against the State Defendants will proceed to the merits.

---

[1] The other defendants did not raise exhaustion as an affirmative defense.

# I.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

# II.
## Background

As stated, the State Defendants move for summary judgment on the ground that Mr. Gaines's claims against them are barred under the exhaustion provision of the PLRA. *See* 42 U.S.C. § 1997e. That provision requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. The parties both present evidence supporting their respective positions. The following evidence is undisputed.

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process (or "grievance policy") through which inmates can grieve issues related to their conditions of confinement, such as the claims at issue here. The Offender Grievance Process in effect at all times relevant to this action consisted of three steps: (1) informal grievance; (2) formal grievance; and (3) grievance appeal.[2]

---

[2] Much of the State Defendants' evidence regarding the grievance policy and Mr. Gaines's use of it is introduced through the declaration of Chris Williams, who at all relevant times was the Grievance Specialist at Putnamville. *See* Filing No. 56-1. Mr. Gaines objects to this declaration on the ground that it contains legal conclusions. This objection is sustained insofar as any legal conclusion in the declaration will not be considered by the Court.

Mr. Gaines has filed numerous grievances during his time at Putnamville. The parties' dispute here centers on Mr. Gaines's grievance identified as Grievance 90567. Mr. Gaines filed an informal grievance, Grievance 90567, on December 9, 2015. *See* Filing No. 56-1 at 44. The informal grievance form has a blank for an inmate to "List the department OR the name of the staff person(s) about which you are complaining, if any," and Mr. Gaines wrote "Policy 04-01-104 'Inmate Trust Fund.'" *Id.* Then, in the space provided for the inmate to "[p]rovide a brief explanation of your complaint," Mr. Gaines wrote the following:

> Policy section on "Withholding funds" subsection restitution: XV. (C) states that in spite of owing restitution I will be able to purchase "personal hygiene items" and that I would be periodically notified about the status of my restitution. I have been notified about nothing and after numerous requests have been denied purchasing personal hygiene items. . . . I wrote the business office but was told I was wrong about the policy. I would like to purchase personal hygiene items and a periodic update on my account.

*Id.*

The Grievance Specialist, Chris Williams, responded in relevant part as follows: "If you owe restitution that is a disciplinary issue and is not a grievable issue through the grievance process. The trust fund office leaves at least $5.00 on an offender[']s account for him to purchase personal hygiene items." *Id.* Mr. Gaines checked the box stating that he disagreed with the resolution offered by Mr. Williams. *Id.*

Mr. Gaines next filed a formal grievance. The form contains a blank for the inmate to "[p]rovide a brief, clear statement of your complaint or concern. Include any information that may assist staff in responding to your grievance." Filing No. 56-1 at 38. In that blank, Mr. Gaines wrote the following:

> I owe restitution because of a conduct report sanction. . . . The Inmate Trust Fund Policy 04-01-104 states that despite owing restitution, offender will be allowed to purchase personal hygiene items. For close to three years I was denied this opportunity. Since filing my informal complaint $5.00 has been posted on my

account. I have put in an order on the kiosk (JPay machine). I only ordered personal hygiene: a bar of soap, toothpaste, and a toothbrush (total $4.96).

I received an email telling me my order was processed but I never received the order. I checked with commissary and my name was not on the list and no order came for me. I also emailed JPay who said they had no control over my issue. Finally I wrote Ms. Hughes. Her reply was "to get commissary you must have money first." Totally inappropriate but true. So whose job is it to ensure I can order hygiene items from the Commissary per Inmate Trust Fund Policy 04-01-104?

*Id.* The form also instructs an inmate to state the relief he is seeking, and Mr. Gaines wrote, "I would like to order personal hygiene items from the commissary as per Inmate Trust Fund Policy 04-01-104. (I truly would like for these various forms of retaliation to cease. None of this would be happening if not for my complaints regarding my medical treatment and P.C.F.s and ADA noncompliance.)" *Id.*

Mr. Gaines received a response to his formal grievance from defendant S. Hughes, who is the Business Office Administrator at Putnamville. She acknowledged that Mr. Gaines has a restitution order and that he is "considered to be indigent." Filing No. 56-1 at 40. She further explained that, since he is considered indigent and "do[es] not have the funds to order personal hygiene supplies, they are made available to you through the following procedure outline[d] []in policy 02-01-101 'offender grooming, clothing and hygiene.'" *Id.* According to this policy, she explained, he shall receive a personal hygiene kit "on an as needed basis" that will "[m]inimally" include a toothbrush, toothpaste or powder, denture supplies if necessary, a comb, bath soap, deodorant, shampoo, and shaving supplies if authorized. *Id.*

Mr. Gaines next filed a grievance appeal. On the grievance appeal form there is a space for the inmate to state the "reason for an appeal," and Mr. Gaines wrote the following bullet points:

- I was in PLUS 6-6-14 [through] 7-4-15 receiving state pay, and <u>never</u> was able to purchase "personal hygiene items."

- I now work in the PDR and when I get my 1st state pay I will see if this policy is adhered to.

- The indigent kits are inadequate containing no:

    - Fingernail/toe nail clippers
    - Cotton swabs
    - Wash towel

    Am I to bite my nails or stick an object in my ear? Or do you follow the policy and allow me to order 'personal hygiene items'?

- Medical nurses, doctors continuously instruct me to purchase pain meds, hydrochoritizon (sic) cream, etc from commissary but I can't.

Filing No. 56-1 at 36. Mr. Gaines received a response denying the appeal, which stated that the reviewing officer agrees with the response to the formal grievance and that he is "considered indigent" so "personal Hygiene items will be provided to you." Filing No. 56-1 at 37.

### III.
### Discussion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The exhaustion requirement "is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). Moreover, the "exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy." *King*, 781 F.3d at 893. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system

to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The material evidence submitted by the parties is undisputed. Although they agree that Mr. Gaines filed Grievance 90567 at each of the three necessary levels, they disagree as to whether the contents of his grievances were sufficient to exhaust his claim against the State Defendants that they were deliberately indifferent to his need to obtain pain medications from commissary. The State Defendants argue that Mr. Gaines's informal and formal grievances were insufficient to put them on notice that he was complaining about the inability to buy pain medications from commissary.

The State Defendants' overall position and specific arguments are unavailing. First, the State Defendants take issue with the fact that Mr. Gaines's informal and formal grievances do not mention pain medications at all. Mr. Gaines's informal grievance states that he believes prison policy requires that he be able "to purchase 'personal hygiene items'" from commissary despite the significant sum he owes in restitution, and concludes by requesting that he "would like to purchase personal hygiene items and a periodic update on [his restitution] my account." Filing No. 56-1 at 44. As Mr. Gaines points out (and the State Defendants acknowledge in reply), pain medications are in the "Hygiene" category of items at commissary. *See* Filing No. 86-1 at 35. Thus a request to purchase hygiene items from commissary would include the ability to purchase pain medications.

"The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (citation, quotation marks, and alteration omitted); *see Riccardo v. Rauch*, 375 F.3d 521, 524 (7th Cir. 2004) (describing the function of the grievance process as "alerting the state [to the issue] and inviting

corrective action"). And this is precisely what Mr. Gaines did when he informed him that he could not purchase *any* hygiene items from commissary even though he was entitled to do so. Simply put, if Mr. Gaines stated he cannot buy hygiene items, by inclusion he is alerting prison staff that he cannot purchase pain medication.

The State Defendants next focus on Mr. Gaines's formal grievance, in which he specifically states that an order for a bar of soap, a toothbrush, and toothpaste from commissary was never delivered. This, says the State Defendants, "does not put [them] on notice that [Mr.] Gaines is in pain due to his back condition and that he has been instructed to purchase pain medication from the commissary." Filing No. 59 at 11. But read in totality, Mr. Gaines's formal grievance raised the same global issue that his informal grievance did—namely, that IDOC policy is being violated because he cannot purchase hygiene items from commissary. The formal grievance both begins and ends with this policy concern. *See* Filing No. 56-1 at 38. The specific reference to the denial of an order of non-pain medication hygiene items does not limit his otherwise generally stated complaint to the items in that particular order. This is especially true given that the formal grievance specifically noted his inability to purchase any hygiene items for "close to three years," *id.*, which makes clear that his complaint is much broader than the one recently denied commissary purchase order he referenced.

The Seventh Circuit has made clear that, "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley*, 729 F.3d at 650.[3] Yet to accept the State Defendants' position here, the Court would have to conclude that Mr. Gaines's could not

---

[3] Mr. Gaines argues that *Turley* supports his position, but the State Defendants do not confront this argument or otherwise discuss *Turley* in reply.

simply complain, as he did, that he could not purchase any personal hygiene items from commissary. Contrary to *Turley*, this would require him to file "multiple, successive grievances raising the same issue" that was "continuing," *id.*—namely, his inability to purchase hygiene items from commissary—every time it occurred. When, as here, an inmate challenges an ongoing policy violation, the PLRA does not require him to exhaust every distinct violation of that policy. *See Turley*, 729 F.3d at 650 (holding that the prisoner exhausted his administrative remedies regarding his challenge to the prison's lockdown policy even though he did not grieve every specific lockdown incident that formed the basis of his claims, and reasoning that "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement. Here, [the inmate's] complaints centered around continuing prison policies, including allegedly illegal lockdowns, and one occurrence of notice from [the inmate] was sufficient to give the prison a chance to correct the problems"). Given this, Mr. Gaines's grievances regarding his three-year, ongoing inability to purchase hygiene items from commissary sufficed to exhaust any and all specific instances where this occurred.

The State Defendants take issue with the fact that Mr. Gaines only specifically noted his inability to buy pain medication from commissary in his grievance appeal. They argue that this was impermissible because the grievance policy does not permit inmates to "raise new or unrelated issues" in their grievance appeal. Filing No. 56-1 at 28. But as Mr. Gaines points out, the grievance policy permits the grievance appeal to "contain additional facts or information regarding the original issue." *Id.* When his informal and formal grievances both complained of his inability to purchase hygiene items from commissary, and his grievance appeal notes that he is unable to purchase one such item—pain medication—from commissary, this is undoubtedly permitted under

the grievance policy. That is, his inability to purchase pain medication is clearly an "additional fact or information regarding the original issue," rather than an "unrelated issue." *Id.*

There is a second difficulty with the State Defendants' argument, and it concerns notice. As discussed above, Mr. Gaines's grievances concerned his inability to purchase any hygiene items from commissary. That was the sole issue raised in his informal grievance, and his formal grievance raised the same issue again, noting that he had been prevented from doing so for three years and giving a specific example of a hygiene commissary purchase order that was recently not provided to him. Given the general issue he was grieving, he reasonably and correctly believed that he could provide additional facts related to this issue in his grievance appeal—namely, that another hygiene item he could not purchase from commissary was pain medication. The appellate review officer clearly did not take issue with these additional facts, given that the appeal was rejected on the merits for the same reasons the formal grievance was, without at all addressing his inability to buy pain medication.

Notably, Mr. Gaines was not informed that the appellate review officer viewed his specific complaint regarding pain medication in his grievance appeal as a "new or unrelated issue" that was procedurally improper for him to raise pursuant to the grievance policy. But Mr. Gaines had no way to know his grievance appeal was procedurally deficient and thus his complaints about pain medication not considered exhausted—as the State Defendants argue—if he was not told so at the time. If the Court were to accept the State Defendants' position that Mr. Gaines's raising of the pain medication issue was procedurally deficient, it would be the first time Mr. Gaines was made aware of this, and likely too late for him to go back and properly grieve the issue. The Seventh Circuit has rejected similar arguments, and the Court does so here. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits

without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."); *id.* at 721 (rejecting the defendants' argument that the plaintiff's grievances were procedurally deficient because the plaintiff's procedural "compliance with the grievance process was never [previously] in question").[4] Procedural deficiencies with a grievance cannot be overlooked or ignored during administrative review and then raised for the first time during litigation once the opportunity to cure them has long passed.

In sum, the Court concludes that Mr. Gaines has exhausted his administrative remedies with respect to his claims against the State Defendants regarding his inability to purchase pain medication from the commissary. "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley*, 729 F.3d at 650. Mr. Gaines's grievances alerted prison officials that he could not purchase *any* hygiene items from commissary. Given that pain medication is considered a hygiene item by the prison, prison officials were on notice that he could not purchase pain medication from commissary. Because his inability to purchase pain medication from commissary forms the basis of his claims against the State Defendants in this action, Mr. Gaines has exhausted his administrative remedies.

---

[4] The Court notes again that Mr. Gaines relied on *Maddox* to support his position, and the State Defendants did not address his reliance on *Maddox* in reply.

## IV.
## Conclusion

For the reasons set forth above, the State Defendants' motion for summary judgment, dkt. [56], is **denied**. Mr. Gaines's claims against the State Defendants shall proceed to the merits. The Court will set out how this action shall proceed by separate entry.

**IT IS SO ORDERED.**

Date: 6/28/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Andrew Scheil
OFFICE OF THE ATTORNEY GENERAL
Andrew.Scheil@atg.in.gov

DEANGELO GAINES
979115
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only